Lewis Ernest **DAVIS**, Appellant,

v.

**STATE of Oklahoma**, Appellee.

No. F-85-119.

Court of Criminal Appeals of Oklahoma.

Oct. 6, 1987.

Lisbeth L. McCarty, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Wellon B. Poe, Jr., Legal Intern, Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Lewis Ernest Davis, was tried for the crime of Murder in the First Degree in Case No. CRF-84-122 in the District Court of Leflore County. The jury returned a verdict of guilty of Manslaughter in the First Degree and set punishment at four (4) years and one (1) day imprisonment. The trial court sentenced appellant in accordance with the jury's verdict.

Briefly stated the facts are that on June 10, 1984, in Poteau, Oklahoma, the appellant shot and killed Dewey Howard Adams. The shooting occurred after a brief argument between the two men while they were standing in their respective yards separated by a fence. The appellant claims that he shot the victim in self defense. He testified that the victim threw a can of beer at him, threw a stick at him and threw a lead pipe at him and that he picked up a hoe and attempted to hit the victim with it. Appellant then testified that the victim grabbed an axe handle and that he reached into his house and retrieved his shotgun and ordered the victim to leave. Appellant testified that at that point the victim threw the stick at him, and he shot the victim. An eyewitness to the shooting testified that he observed the two men arguing, but never observed the victim with a club and never observed the victim throwing anything at the appellant. Also, no can of

beer or lead pipe was ever found in appellant's yard.

Two other witnesses testified for the State and although they did not observe the shooting they heard the argument and substantiated the eyewitnesses' testimony.

The officer who arrested appellant testified that when he entered appellant's house the appellant said that he was "not going to cause you any problems, and I've done what I intended to do." He testified that appellant also said, "If that son of a bitch thinks I wouldn't shoot him, he was wrong." The officer also stated that although the appellant was drunk he was not so drunk that he did not know what he was doing.

■ For his first assignment of error appellant asserts that the trial court erred in refusing to give his requested self-defense instructions. We disagree. This Court has repeatedly held that an instruction should not be given if there is no evidence in the record to support it. *Dilworth v. State*, 611 P.2d 256, 259 (Okl.Cr. 1980). The only evidence in the instant case that even arguably tends to show self-defense is appellant's own statement that the victim threatened him and threw a beer can, lead pipe and stake at him. However, the appellant was separated from the victim by a fence which the victim never crossed, and the appellant could have retreated to his house at any time. Clearly, this evidence does not justify self defense by deadly force. See, 21 O.S.1981 § 643(3). Additionally, neither a beer can nor a stake was found in appellant's yard, and an eyewitness never saw the victim throw anything at appellant. We find that this evidence wholly fails to show that appellant acted in self-defense when he shot the unarmed victim. Accordingly, this assignment lacks merit.

As a sub-proposition appellant contends that the trial court erred by instructing the jury that as a matter of law the evidence was not sufficient to justify self-defense by the use of deadly force. However, having found that appellant failed to present evidence that he acted in self-defense, we find that the trial court properly instructed the jury. This assignment of error is likewise without merit.

■ In his second assignment of error appellant alleges that improper prosecutorial comments denied him of his right to a fair trial. The appellant objects to the following statement as being an expression of the prosecutor's personal opinion:

Now, if you believe everything that the Defendant told you from that stand, which I don't believe a bit of it, because I don't think it's what happened. I think what happened is these people that saw it happen; but if you believe everything that he told you, then he's still guilty of Manslaughter because the Judge tells you in Instruction No. 35, in this case the Court has found as a matter of law, that there is no self defense in this case. It's not available to him because it's just not there. (Tr. 286)

We first note that when this comment was made defense counsel objected, and the objection was overruled. However, we do not find that this one remark prejudiced the rights of appellant. This is especially apparent in light of the fact that the jury found appellant guilty of the lesser offense of Manslaughter in the First Degree and imposed a light sentence. Therefore, this assignment of error is meritless.

The judgment and sentence is AFFIRMED.

BRETT, P.J., concurs.

PARKS, J., specially concurring.

PARKS, Presiding Judge, specially concurring:

In *Broaddrick v. State*, 706 P.2d 534 (Okl.Cr.1985) we reiterated the long-standing rule in this jurisdiction that a "defendant is entitled, as a matter of law, to have the jury instructed on his theory of the case if it finds possible support in the evidence.... This is so even if the evidence is discredited." *Id.* at 536 (citations omitted). I therefore believe the trial court erred herein when it failed to instruct the jury on appellant's theory of the case, to-wit: self-defense.

However, this is a case in which the evidence of guilt may truly be characterized as "overwhelming." Moreover, the appellant's statement that he acted in self-defense was severely impeached by the physical evidence at the scene, rendering it completely unworthy of belief by a reasonable person. In such a situation, the error herein was not prejudicial to appellant's case, and I agree the conviction should be affirmed.